IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| JAY HOLDINGS, INC.; ALPHA, LLC,<br><br>   Plaintiffs,<br><br>   v.<br><br>GAYLA SINKFIELD,<br><br>   Defendant. | 1:07-cv-366-WSD |

## OPINION AND ORDER

This matter is before the Court on the Report and Recommendation [3] issued by Magistrate Judge Brill granting Defendant Gayla Sinkfield's ("Defendant" or "Sinkfield")[1] motion to proceed *in forma pauperis* and dismissing Defendant's claim. Because no objections to the Report and Recommendation have been filed, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

---

[1] The procedural posture of this case is somewhat unclear. Defendant Sinkfield attempts to remove to federal court a state court case in which she is the Defendant. The Report and Recommendation, however, refers to Sinkfield as "Plaintiff." Because she is the defendant in the state court action, this Court refers to Sinkfield as "Defendant."

Defendant petitions the Court to remove to federal court a state case in which she is the defendant and also requested to proceed *in forma pauperis*. The state case is a "Dispossessory Warrant" brought in the State Court of DeKalb County by Jay Holdings, Inc.; Alpha, LLC. The Magistrate Judge granted Defendant's motion to proceed *in forma pauperis,* but held that Defendant's action was frivolous and should be dismissed because she does not state a federal claim upon which relief can be granted. The Magistrate Judge stated that it does not have jurisdiction over dispossessory actions brought under state law. The Court finds no plain error in the Magistrate Judge's conclusions.[2]

---

[2] Almost one month after the Magistrate Judge issued the R&R concluding there is no federal jurisdiction, Defendant Sinkfield filed a "Complaint for Damages with Supplemental of [sic] Jurisdiction." [4]. This appears to be an improper attempt to file a counterclaim or completely separate action. The Magistrate Judge concluded, and this Court agrees, that Sinkfield cannot remove this case to federal court because there is no federal jurisdiction. "To determine whether the claim arises under federal law, [courts] examine the 'well pleaded' allegations of the complaint and ignore potential defenses: 'a suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.'" Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003); see also Murphy v. Aventis Pasteur, Inc., 270 F. Supp. 2d 1368, 1373 (N.D.Ga. 2003) ("The court must look to the plaintiff's complaint to determine whether removal was appropriate."). The Dispossessory Warrant filed against Sinkfield relies exclusively on state law, and thus does not satisfy the well-pleaded

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER** the Magistrate Judge's Report and Recommendation [3]. This case is **DISMISSED**, and the Clerk of Court is **DIRECTED** to **REMAND** the case to the State Court of DeKalb County.

**SO ORDERED** this 30th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

complaint rule. This case should be remanded to the State Court of Dekalb County, and Sinkfield may not file any counterclaims in this Court.